IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:              )
                               )
GERALD & KELLY LUNDGREN,       )   CASE NO. BK05-40495
                               )
                Debtor(s).     )   CH. 7

                             ORDER

     Hearing was held in Lincoln, Nebraska, on April 20, 2005, on debtors' motion to avoid the lien of Centris Federal Credit Union (Fil. #11) and resistance by Centris (Fil. #22). Greg Neuhaus appeared for the debtors, and David Koukol appeared for Centris Federal Credit Union.

     The debtors seek to avoid the lien of Centris Federal Credit Union in a 1996 Chevrolet S-10 pickup to the extent it impairs the exemptions available in the property, pursuant to 11 U.S.C. § 522(f). The credit union resists.

     The lien is avoided in part.

     First, Centris's assertion that this should have been brought as an adversary proceeding is not supported by the Federal Rules of Bankruptcy Procedure. Rule 7001 describes which matters are adversary proceedings. Rule 7001(2) includes "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, *other than a proceeding under Rule 4003(d)*" (emphasis added). Rule 4003(d) states: "A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." The debtors properly brought this before the court by motion.

     Second, I accept the lender's valuation as accurate. There is no evidence in the record of high mileage, damage, or other conditions which would warrant the low valuation placed on the vehicle by the debtors.

     Third, the issue of cross-collateralization raised by Centris is not applicable to this calculation.

     Fourth, the lien is avoided to the extent of $3,368, as set forth in the chart below.

Section 522(f)(2)(A) of the Bankruptcy Code "provides a simple arithmetic test to determine the extent to which a lien impairs an exemption of specific property. The exemption is impaired to the extent the total of all liens on the property plus the exemption exceed the fair market value of the property." In re Gostian, 215 B.R. 237, 238 (Bankr. M.D. Ala. 1997), quoted in Kolich v. Antioch Laurel Veterinary Hosp., Inc., 273 B.R. 199, 202 (B.A.P. 8th Cir. 2002).

If the total of the liens against the property and the debtors' exemption in the property is less than the debtors' interest in the property absent any liens, then the lien does not impair the exemption and cannot be avoided. If the total of the liens and the exemption exceeds the debtors' interest absent liens, then the lien impairs the exemption and is avoided by the amount of the difference. If the amount of the difference exceeds the amount of the lien, then the lien is avoided in full. See In re Holt, Neb. Bkr. 97:233 (Bankr. D. Neb. 1997). See also Soost v. NAH Inc. (In re Soost), 262 B.R. 68, 74 (B.A.P. 8th Cir. 2001) (where lien need not be avoided in its entirety to alleviate impairment of an exemption, it may be avoided only in part and only to extent of impairment).

When the numbers in this case are plugged into the mathematical formula of § 522(f)(2)(A), it becomes clear that Centris can retain its lien, or any part of it, only if the value of the vehicle exceeds the amount of the exemption. It appears from the debtors' schedules that they have exemptions available totaling $4,295 which they could use for the pickup if the value would support it.

| | |
|---|---|
| Amount of Centris's lien (as of March 3, 2005): | $ 4,523 |
| Amount of other liens: | $     0 |
| Amount of exemption that debtors could claim absent any liens: | $ 4,295 |
| Total: | $ 8,818 |

|  |  |
|---|---|
| Less value of debtors' interest absent any liens: | $ 5,450 |
| Extent of impairment: (amount of lien to be avoided) | $ 3,368 |

IT IS ORDERED the debtors' motion to avoid the lien of Centris Federal Credit Union (Fil. #11) is granted to the extent the lien impairs the debtors' exemption, as set forth above.

DATED:   May 5, 2005

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Greg Neuhaus
    David Koukol
    United States Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.